UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHAD M. BULLERDICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01310-CMS |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Chad M. Bullerdick's Social Security Complaint and Brief pursuant to 42 U.S.C. § 405(g) (Docs. 1, 14). For the reasons stated herein, the Court affirms the decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits.

**BACKGROUND**

**I. Five-Step Analysis Used by the Social Security Commission**

When reviewing a claim under 42 U.S.C. § 405(g), the Commissioner applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-cv-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sep. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show [he] is disabled through step four," with the burden of production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065,1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant suffers from a severe "impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold set forth in the regulations, the claimant is disabled. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" (RFC) to perform sustained work based on the evidence in the record. *See* Sections 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimant's RFC, the Commissioner assesses whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's RFC, age, education, and work experience. Section 416.920(a)(4)(v). If the claimant can make such adjustment, he is not disabled. *Id.* Further, if a claimant reaches Step Five, the Social Security Administration must meet a limited burden of providing evidence "that other work exists in significant numbers in the national economy that [claimant] can do." Section 416.960(c)(2).

## II. Factual Background

Plaintiff resides in Elsberry, Missouri. (Doc. 1 at 1). On September 13, 2022, Plaintiff "filed applications for DIB and SSI under Titles II and XVI of the Social Security Act." (Doc. 14 at 1). Plaintiff suffers from a host of issues, including "status post right hemilaminectomy[1] . . .; obesity; status post hernia surgery and revision;" and various mental health conditions. (Doc. 1 at 2).

After an initial hearing and appeal, the administrative law judge (ALJ) held another hearing on April 1, 2025, and issued a decision on June 20, 2025. (Doc. 7-3 at 11, 24). The ALJ found in Step One that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of his disability and in Step Two that Plaintiff has the severe impairments of:

> [S]tatus post right hemilaminectomy at L4-5 with degenerative disc disease at L4-5 and L5-S1; obesity; status post hernia surgery and revision; mild to moderate bilateral hip joint degenerative disease with mild to moderate gluteus medius insertional partial-thickness tears and tendinopathy; bilateral greater trochanteric bursitis; and mental conditions variously diagnosed as major depressive disorder, bipolar II disorder, generalized anxiety disorder, and panic disorder without agoraphobia, and bipolar I disorder.

*Id.* at 14. In Step Three, the ALJ determined Plaintiff's severe impairments did not meet the threshold for an automatic finding of disability. *Id.* at 15–17.

In Step Four, the ALJ found that Plaintiff has the RFC to "perform light work"

> except he can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. The claimant can perform occasional balancing on narrow, slippery, or erratically moving surfaces and can engage in occasional stooping, kneeling, crouching, and crawling. He cannot work at unprotected heights or around hazardous machinery. The claimant cannot perform work involving vibration, such as would be required by the operation of heavy equipment drills, jackhammers, or

[1] "A hemilaminectomy, sometimes referred to as a laminotomy, is a minimally invasive surgical procedure that aims to enlarge the space in the spinal canal to reduce nerve compression or pressure." *What is a hemilaminectomy?*, Interventional Spine & Surgery Group (last visited Sep. 24, 2026), https://www.spine-nj.com/surgical-treatments/hemilaminectomy/ [https://perma.cc/D928-ZMFU].

> other such devices. He can have no concentrated exposure to extreme cold. The claimant can understand, remember, and carry out simple instructions. He cannot work at a production rate pace such as an assembly line or perform work that requires an hourly production quota but can stay on task and meet reasonable production requirements in an environment that allows him to maintain a flexible and goal-oriented pace. The claimant is limited to work that requires only occasional changes which are introduced gradually. He can have occasional interaction with co-workers and supervisors, but the work must not involve tandem tasks. The claimant can have occasional superficial interaction with the public, such as providing limited information in response to questions, but the work must not involve things like handling customer complaints or responding to customer questions as a primary component of the job.

*Id.* at 18.

Finally, in Step Five, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a service writer based on the vocational expert's testimony "that a hypothetical individual of claimant's age, education, and limitations would be unable to perform th[e] job." *Id.* at 24. The ALJ found, citing testimony of the vocational expert, that Plaintiff could "perform the requirements of representative occupations" such as a routing clerk, router, or price marker. *Id.* The ALJ concluded that, given Plaintiff's RFC, his age, education, work experience, and ability to perform other jobs that existed in significant numbers in the national economy, he is not disabled. *Id.* at 25.

## III. Procedural Background

Plaintiff filed his Complaint on August 29, 2025. (Doc. 1). Defendant Frank J. Bisignano, Commissioner of the Social Security Administration, filed the Certified Social Security Transcript on November 2, 2025. (Doc. 7). Plaintiff filed his Social Security Brief on February 20, 2026, challenging the ALJ's determination on the bases that she did not properly consider the evidence and the RFC was not based on substantial evidence. (Doc. 14). Plaintiff argues that the ALJ's decision did not properly consider the supportability and consistency factors when evaluating

medical opinions and that the ALJ failed to "adequately explain how" the RFC limitations were derived. *Id.* at 3, 14.

**LEGAL STANDARD**

The Court will affirm the decision of an ALJ "'if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014)). In other words, the factual findings of the Commissioner are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405; *see also Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The United States Supreme Court identifies "substantial evidence" as a term of art and directs a court using that standard to identify whether there is "sufficient evidence" in the existing administrative record "to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).

The standard for substantial evidence is not high. *Id.* at 103. "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court further defines "more than a mere scintilla" as meaning only that there must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

Alleged legal error by the ALJ is reviewed *de novo*. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (citing *Collins*, 648 F.3d at 871) (internal quotations omitted).

Furthermore, while the Court "must consider evidence in the record that fairly detracts from, as well as supports" the agency decision, the Court will not reverse an agency decision

"merely because [it] find[s] that substantial evidence exists in the record that would have supported a contrary outcome." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (internal quotations omitted). Instead, the Court "will disturb the [ALJ's] decision only if it falls outside the available zone of choice." *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) (internal quotations omitted) (alteration in original).

**DISCUSSION**

Plaintiff argues the ALJ did not properly weigh the opinion evidence and that the RFC was not supported by substantial evidence because "the decision does not adequately explain how the[] specific limitations were derived." (Doc. 14 at 14).

**I. The ALJ Properly Weighed Opinion Evidence.**

Plaintiff argues the ALJ failed to properly evaluate the administrative medical findings of State Agency Medical Consultants (SAMCs), medical professionals who contract with the Social Security Administration to analyze a plaintiff's medical records, failed to "adequately articulate the supportability and consistency factors" of the medical professionals' opinions, and one of those opinions were not based on Plaintiff's "imaging document[ing] moderate bilateral hip degenerative joint disease, bilateral partial-thickness tears . . ., bilateral knee osteoarthritis, and progressive lumbar findings . . . ." because SAMC's evaluation ended prior to the imaging. *Id.* at 4.

Plaintiff's first argument fails because the ALJ's findings were consistent with agency regulations and supported by substantial evidence. When "substantial evidence supports the Commissioner's decision, we may not reverse even if we might have decided the case differently." *See Lawrence v. Saul*, 970 F.3d 989, 996 (8th Cir. 2020) (internal quotations omitted). The ALJ analyzed the medical records and supported her conclusions throughout two full pages. *See* (Doc. 7-3 at 18–20) (describing the medical record in detail and providing reasons why she found the

record inconsistent, including citing the record when stating that Plaintiff "was not in distress at appointments, which is inconsistent with the alleged severity and frequency of pain"). Further, the ALJ stated she did "not defer or give any specific evidentiary weight" to the prior administrative medical finding and personally analyzed each medical professional's opinion. *Id.* at 21–23.

The ALJ provided specific reasons for her decision. And these reasons addressed the supportability of the medical opinions. *See* 20 C.F.R. § 404.1520c(a) ("The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency . . . ."); *see also* 20 C.F.R. § 404.1520c(c)(1) ("Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be.").

For example, the ALJ explained that she found the opinion of Dr. Lavy, Plaintiff's treating provider, to be inconsistent because it claimed Plaintiff could not walk far and had many other issues "causing severe chronic pain," but Plaintiff's "own function reports" indicated the contrary—namely that he "could walk 30-60 minutes at a time," he "denied numbness, tingling, . . . and possessed 5/5 strength . . . ." (Doc. 7-3 at 23). Further, the ALJ explained that she found the opinion of Dr. Gestring, another of Plaintiff's treating providers, unpersuasive because his "opinion is inconsistent with his own exam findings." *Id.* at 24. The ALJ supported this finding by noting, among other things, that Plaintiff's "most recent records pertained to conflicts with his family . . . ." and "the longitudinal medical evidence of record established only moderate restrictions." *Id.* at 23. Thus, the ALJ properly evaluated SAMCs' findings and adequately articulated supportability and consistency.

Plaintiff's next argument is contrary to the law. "'[T]here is no requirement that an RFC finding be supported by a specific medical opinion.'" *See Bonham*, 177 F.4th at 940–41 (quoting

*Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)). In fact, the Eighth Circuit has upheld an RFC determination in the absence of a "direct, 'functional' medical opinion" where the medical record was adequately developed. *Id.* (citing *Hensley*, 829 F.3d at 930–32). Considering the nearly 3,000 pages of medical records, to call the medical record in this case "adequately developed" would be an understatement. As discussed *supra*, the ALJ thoroughly analyzed the medical record and considered numerous facts in addition to SAMCs' findings. Thus, the ALJ properly analyzed the facts and the SAMC opinions.

**II. The RFC Determination is Supported by Substantial Evidence.**

Plaintiff argues the ALJ did not "adequately explain" how the RFC limitations were derived and failed to correlate her findings with "any single medical opinion." (Doc. 14 at 14–16). The ALJ found the Plaintiff had an RFC to perform light work and added numerous limitations. (Doc. 7-3 at 17). Because Part I of this Discussion Section already identifies the substantial evidence supporting the ALJ's decision, the Court moves on to Plaintiff's concerns regarding the RFC determination.

First, as discussed *supra*, the ALJ explained why she found the opinions of Dr. Gestring and Dr. Lavy unpersuasive, namely that they were inconsistent with other medical records and Plaintiff's own admissions. *Id.* at 23. The ALJ discussed the medical professionals' opinions in detail and clearly addressed the reasons she found some of those opinions unpersuasive.

Second, while the ALJ considered the medical professionals' opinions regarding the RFC, she chose to apply more limitations than the medical professionals suggested based on the evidence before her. *Id.* at 17. Contrary to Plaintiff's assertion, an ALJ need not adopt a medical professional's suggestions in their entirety. *See Austin*, 52 F.4th at 729 (stating an "ALJ is free to accept some, but not all, of a medical opinion"). Thus, there is "relevant evidence" that a

"reasonable mind might accept as adequate to support" the ALJ's conclusion. *See Biestek*, 587 U.S. at 102.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**.

So ordered this 24th day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE